CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

9/22/2017

JULIA C. DUDLEY, CLERK
BY: s/ JODY TURNER
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

JENNIFER LYNN BILLER,               )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )        Civil Action No. 5:16-cv-00014
                                    )
NANCY A. BERRYHILL, Acting          )
  Commissioner of Social Security,  )        By:  Elizabeth K. Dillon
                                    )             United States District Judge
        Defendant.                  )
                                    )

**MEMORANDUM OPINION**

Plaintiff Jennifer Lynn Biller brought this action for review of defendant Nancy A.

Berryhill's (the commissioner's) final decision denying her claim for disability insurance

benefits (DIB) under the Social Security Act (the Act).  *See* 42 U.S.C. § 405(g) (2012)

(authorizing a district court to enter judgment "affirming, modifying, or reversing the decision of

the Commissioner of Social Security").  The parties filed cross-motions for summary judgment,

which the court referred to United States Magistrate Judge Joel C. Hoppe for a report and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  In his report, the magistrate judge

concluded that substantial evidence supported the commissioner's decision.  (Dkt. No. 19.)

Biller timely filed written objections, and the commissioner filed a response.  (Dkt. Nos.

20, 21.)  After de novo review of the pertinent portions of the record, the report, and the filings

by the parties, in conjunction with applicable law, the court will adopt the magistrate judge's

recommendation.  Accordingly, defendant's motion for summary judgment will be granted, and

plaintiff's motion for summary judgment will be denied.

# I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (Report 3–4, Dkt. No. 19.)

# II. DISCUSSION

## A. Standard of Review

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

In order for an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). *See also Page v. Lee*, 337 F.3d

411, 416 n.3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by the Rule is, standing alone, a sufficient basis upon which to affirm the judgment of the district court as to this claim."). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id.* Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012) (citing *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008)).

Biller raises two objections to the report, and, although they are the same basic arguments that she made in her brief before the magistrate judge, she points to specific parts of the report and its reasoning that she believes are incorrect. Thus, the court will apply a de novo standard of review to the issues raised in her objections.

## B. ALJ's Decision

On November 23, 2015, ALJ Mary Peltzer entered her decision analyzing Biller's claim, ultimately concluding that Biller was ineligible for benefits. In reaching her decision, the ALJ followed the five-step process found in 20 C.F.R. § 404.1520 (2016). The five-step evaluation asks the following questions, in order: (1) whether the claimant is working or participating in substantial gainful activity; (2) whether the claimant has a severe impairment of the duration required by 20 C.F.R. § 404.1509; (3) whether she has a type of impairment whose type, severity, and duration meets the requirements listed in the statute; (4) whether she can perform her past work, and if not, what her residual functional capacity (RFC) is; and (5) whether work

exists for the RFC assessed to the claimant. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. At the fifth step, the burden shifts to the commissioner to establish that the claimant maintains the RFC, considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A).

In this case, Biller met the insured status requirements of the Act and had not engaged in substantial gainful activity since the alleged onset date of February 15, 2011. (ALJ Decision, Administrative Record (R.) 83, Dkt. No. 9-1.) At step two, the ALJ found that Biller has the following severe impairments: diabetes mellitus; spasmodic dysphonia; idiopathic ulnar neuropathy and peripheral neuropathy; adjustment disorder with depressive mood/major depressive disorder, and personality disorder. (R. 84.) At step three, the ALJ found that Biller's impairments did not meet or medically equal any listed impairments. (*Id.*) The ALJ specifically considered several potential listings, including listing 2.09 which deals with speech, but ultimately concluded that Biller's voice problems did not satisfy the requirements of listing 2.09.

The ALJ then evaluated Biller's RFC, considering all of her impairments. This portion of the ALJ's decision consists of more than twenty pages and includes an extensive discussion of Biller's medical records and the medical opinion evidence. The ALJ limited Biller to light work, with additional limitations. With regard to restrictions on speaking, the ALJ limited her to tasks that "involve no talking," as well as "no contact with the general public, frequent contact with supervisors, and no tandem work assignments." (*Id.* at 86.) Based on her RFC, the ALJ determined that Biller was not capable of performing her past relevant work. (*Id.* at 108.)

At step five, the ALJ concluded that Biller's RFC would allow her to perform jobs that exist in significant numbers in the national and local economies, including maid services, a non-

postal mail clerk, and a hand packer. (*Id.* at 108–09.) The ALJ therefore concluded that Biller was not disabled and not eligible for SSI. (*Id.*) In his report, the magistrate judge concluded that substantial evidence supported the ALJ's decision. (Report 1.)

## C. Biller's Objections

Biller asserts two objections to the magistrate judge's report, both of which concern issues she raised before the magistrate judge, too. First, she argues that the magistrate judge erred in reasoning that the ALJ was permitted to rely on Biller's "ability to testify at the administrative hearing as evidence against her claim that she cannot produce effective speech . . . ." (Pl.'s Obj. 1, Dkt. No. 20 (quoting Report at 9).) She argues that this was an improper basis to reject the opinion of Biller's treating physician that she met Listing 2.09.

The background of this first objection is fairly straightforward. As found by the ALJ, Biller has at least one severe impairment that affects her ability to speak: spasmodic dysphonia. She first began experiencing symptoms from this condition in late summer 2010. She was diagnosed on February 18, 2011, and shortly thereafter, she began treatment with otolaryngologist Steven A. Bielamowicz. Biller's treatment and the medical records concerning her speech impairment, including a surgery, a round of voice therapy sessions, and numerous notes from medical appointments, are thoroughly documented in the ALJ's decision, and the court will not repeat them here.

Dr. Bielamowicz offered an opinion, approximately one week before the ALJ hearing, that Biller's impairment satisfied Listing 2.09. (R. 962–64.) The ALJ discounted this opinion, based primarily on the fact that Biller spoke for more than 20 minutes of the 45-minute hearing before the ALJ, during which Biller was understandable and spoke at a volume that allowed the ALJ to hear her and a transcript to be prepared. (R. 107.) The ALJ also reasoned that the

opinion was not supported by Biller's treatment history. (R. 91–92, 95–98, 101.) Biller argues that, in considering Biller's ability to speak at the hearing, the ALJ effectively substituted her own opinion for the opinion of Biller's treating physician. (Pl.'s Obj. 3–5)

As to the second objection, Biller claims that the ALJ erred in giving little weight to the majority of Biller's treating physicians. In his report, though, the magistrate judge thoroughly examined and discussed the reasons that the ALJ assigned each opinion the weight she did, and discussed why those assignments were not improper and thus why the RFC was supported by substantial evidence. (Report 12–23.)

The court has carefully reviewed the magistrate judge's analysis of the substance of the issues implicated by both objections, the cases cited by the magistrate judge and by Biller in her objections, and the applicable law. The court concludes, after its de novo review, that the magistrate judge's reasoning is well-supported and correct. Thus, the court adopts in full the magistrate judge's report and recommendation, and concludes, for the same reasons explained by the magistrate judge,[1] that there is substantial evidence supporting both the ALJ's determination that Biller does not satisfy Listing 2.09 and the ALJ's assignment of various weights to various medical opinions. Both of Biller's objections are overruled.

## III. CONCLUSION

After a de novo review of the portions of the magistrate judge's report that Biller objects to, the court finds that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court will overrule Biller's objections and

---

[1] There is one minor statement in the report that the court believes requires clarification. The magistrate judge noted that "at no point did any participant in the hearing request that [Biller] speak up or otherwise acknowledge a difficulty in understanding her testimony." (Report at 9.) At one point, though, the ALJ stated that when the vocational expert "moved the paper," the ALJ could not hear Biller, and the ALJ asked Biller to repeat part of her last answer. (R. 32.) This minor reference in the transcript does not change the court's conclusions, though, since the hearing otherwise reflects that Biller was understandable throughout the hearing, as explained by the magistrate judge.

adopt the magistrate judge's report and recommendation. The court will therefore grant the commissioner's motion for summary judgment and deny Biller's motion for summary judgment.

An appropriate order will be entered.

Entered: September 22, 2017.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge